*671 OPINION.
Phillips:
Before filing his answer to this proceeding respondent moved to dismiss the petition, on the ground that he had not determined a deficiency within the meaning of the provisions of the Revenue Act of 1926, and pointed out that the amount of the tax determined was precisely the amount shown on the return. Petitioners contended that when the return was read in connection with the claim for abatement which had been made part of it, the whole disclosed that no tax was due and, therefore, that the tax determined was in excess of the tax returned, which was zero. This motion was overruled on authority of Continental Accounting & Audit Co., 2 B. T. A. 761, and John Moir et al., 3 B. T. A. 21.
The issue presented is whether the income of the trust is taxable to the trustees, and involves the application of the provisions of section 219 of the Revenue Act of 1921, the pertinent parts of which read:
(a) That the tax imposed hy sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—
* * * * * * *
(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;
(3) Income held for future distribution under the terms of the will or .trust; and
*672 ■ (4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
(b) The fiduciary shall be responsible for mating the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross, income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.
(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary * * *.
(d) In cases under paragraph (4) of subdivision (a) * * ⅜ the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not * * *.
(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be.paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this' section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.
It is urged by the petitioners that, since there -was no express provision for accumulation of income, the trustees were without authority to accumulate and, further, that the trustees by their actions in distributing all of the income have given this construction to the trust instrument. The Commissioner counters with the statement that the receipts in 1917, 1921, and 1922 exceeded the distributions, that in 1915 income of $700,000 was used to pay off a mortgage and that in 1920 income was received from redemption of stock which was hot distributed. The petitioners answer by pointing out that *673 the total amounts distributed at the end of any year exceeded the total income to that date, by reason of the fact that in its first year the trust distributed more income than it received, using for that purpose the $50,000 fund which was deposited as part of the trust fund for use as “ working capital.” They further point out that $700,000 used in 1915 was paid pursuant to article twenty-fourth of the trust instrument. Also, they urge that the amount received in 1920 from the redemption of capital stock was not income to be distributed to the beneficiaries, but moneys to be held as a part of the principal of the trust fund. Upon this basis the petitioners seek to show that they were required to and did distribute all income of the trust, while the respondent contends that the trustees might accumulate or distribute income in their discretion, that they exercised their discretion to accumulate in some instances, and that by reason thereof all income is taxable to the trustees whether or not distributed.
The petitioner urges further that if the trustees did have discretion to accumulate or distribute the income, as the respondent contends, the beneficiaries are taxable upon the amount distributed and the trustees only upon the amount undistributed. This point seems to us to be well taken. In a long line of decisions of this Board and the courts it has been pointed out that the various revenue acts required that the beneficiaries report income which was distributed or distributable under the instrument or order governing distribution and that income distributed in the exercise of a discretion imposed by a trust instrument is income distributed pursuant to such instrument. William E. Scripps et al., 1. B. T. A. 491; Mary L. Barton, Trustee, 5 B. T. A. 1008; affd., Blair v. Barton, 26 Fed. (2d) 765; Elizabeth S. Sprague, 8 B. T. A. 173; A. W. Henn, Trustee, 8 B. T. A. 190; John D. Rogers, Trustee, 16 B. T. A. 368; Ordway v. Willcuts, 12 Fed. (2d) 105; 19 Fed. (2d) 917; Crocker v. Nichols, 21 Fed. (2d) 598. In those decisions the contention of respondent, which is repeated in his brief now before us, that paragraph (4) of subdivsion (a) should be construed to read: “ Income which is required by the terms of the trust to be distributed * * * ” was rejected. We conclude that petitioners are not liable to tax upon the income distributed by them to the beneficiaries.
Although the amount of income received was in excess of that distributed in the taxable year, substantially all arises from dividends which are not subject to the normal tax. For this reason the amount of undistributed income does not exceed the credits and exemptions allowed by law and there is no tax. It therefore becomes unnecessary to determine the effect, if any, of distributions in prior years in excess of receipts.
Decision will be entered for petitioners,